IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **M&E BAKERY HOLDINGS, LLC D/B/A BITTERSWEET and BLOWTIQUE, LLC,** ) ) ) Plaintiffs, ) ) vs. ) ) **WESTFIELD NATIONAL INSURANCE COMPANY,** ) ) ) ) Defendant. ) | Case No. 20 C 5849 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiffs in this case are two Chicago-based businesses—Bittersweet, a pastry shop and café, and Blowtique, a salon that offers hair and makeup services. The Court assumes familiarity with the case's factual and procedural background, which the Court has described in a prior written opinion. *M&E Bakery Holdings, LLC v. Westfield Nat'l Ins. Co.*, No. 20 C 5849, 2021 WL 1837393 (N.D. Ill. May 7, 2021).

In summary, the plaintiffs, who purchased commercial property insurance from the defendant, Westfield National Insurance Company, contend that they lost business income when they suspended their operations in Chicago in compliance with coronavirus pandemic shutdown orders imposed by governmental authorities. They filed claims to recover for those losses, but Westfield denied those claims. The plaintiffs subsequently filed this lawsuit to recover amounts they contend are due under various provisions of the insurance policy. Westfield moved to dismiss the complaint for failure

to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). On May 7, 2021, the Court granted Westfield's motion to dismiss the complaint. *Id.* at *7. In that order, the Court also explained that it would enter a judgment against the plaintiffs unless they filed a motion for leave to amend along with an attached amended complaint stating a viable claim. *Id.*

On May 20, 2021, the plaintiffs filed the present motion for leave to amend, to which they attached a proposed first amended complaint. For the following reasons, the Court denies the plaintiffs' motion for leave to file an amended complaint and directs the entry of judgment against them.

## Background

**A.     Proposed first amended complaint**

In their proposed first amended complaint, the plaintiffs assert three claims regarding insurance coverage: declaratory judgment (count one); breach of contract (count two); and statutory penalty for bad faith insurance claim practices (count three). In count one, the plaintiffs ask the Court to enter a declaratory judgment stating that Westfield's policy insures the plaintiffs' losses and damages; Westfield has waived any right to assert defenses to coverage or otherwise bar/limit coverage; and Westfield is obligated to pay the plaintiffs the full amount of losses and damages incurred for covered business losses up to the applicable limits of coverage. Pls.' Am. Compl. ¶ 100 (dkt. no. 30-1). In count two, the plaintiffs allege that Westfield breached its insurance coverage obligations when it denied the plaintiffs coverage for business income losses and damages incurred because of the pandemic-related closure orders. *Id.* ¶¶ 101-105.

In count three, the plaintiffs contend that Westfield should face a statutory

penalty under 215 Ill. Comp. Stat. 5/154.6, an Illinois civil statute that imposes liability for improper claims practice. Specifically, they allege that Westfield denied their insurance claims without conducting an investigation, "directed its insurance agents to send sham claim communications stating that Plaintiffs' claims were not covered," and "propagated rumor and innuendo that a purported government bailout of business income claims may occur, further to discourage claims." Am. Compl. ¶¶ 106-10. Further, the plaintiffs contend that Westfield is liable under 215 Ill. Comp. Stat. 5/155, an Illinois civil statute imposing a penalty on insurers for vexatious and unreasonable action or delay in settling claims, because of its "vexatious and unreasonable" denials of coverage and because it "disregarded or ignored facts underlying the claims, ignored the law, and ignored the science designed to save human life." *Id.* ¶¶ 110-14.

The plaintiffs also assert alternative class action claims against Westfield: unjust enrichment based on coverage denials (count four); violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 Ill. Comp. Stat. 505/1, and the similar laws of other states where Westfield sells insurance (count five); and "breach of contract, including the breach of the implied covenant of good faith and fair dealing, and breach by illusory coverage" (count six). *Id.* ¶¶ 94, 115-65. Regarding the alternative class action claims, the plaintiffs contend, on behalf of a nationwide class, that they are entitled to receive a rebate of premium payments "for the windfall that Westfield kept for itself by reduced claims due to Closure Order shutdowns, partial operations mandates and other constraints . . . ." *Id.* ¶¶ 7, 143, 158-61.

**B.     Previous complaint**

In the plaintiffs' first complaint, they asserted five claims that are substantially

3

similar to the first five claims in their proposed amended complaint, three of which the Court previously dismissed with prejudice. *M&E Bakery Holdings, LLC*, 2021 WL 1837393, at *5-6 (dismissing counts one, two, and three with prejudice). The only new cause of action the plaintiffs propose is count six, an alternative class action claim encompassing (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) breach by illusory coverage. *See* Am. Compl. ¶¶ 151-65.

More specifically, in count one of their previous complaint, the plaintiffs similarly sought a declaratory judgment "that their losses are insured under Westfield's policies; Westfield has waived any applicable defenses; and it is obligated to pay the plaintiffs for the full amount of their losses." *M&E Bakery Holdings, LLC*, 2021 WL 1837393, at *2. In count two, they asserted a breach of contract claim, contending that "Westfield breached its obligations under the insurance contract when it denied their claims under the business income and civil authority provisions." *Id.* Finally, in count three, the plaintiffs alleged that Westfield should face a statutory penalty for bad faith denial of insurance coverage. *Id.* In the alternative, the plaintiffs also asserted two class action claims on behalf of themselves and all others similarly situated against Westfield, for unjust enrichment (count four) and for violations of the ICFA (count five). *Id.* at *3. The plaintiffs' prior class action claims involved a "premium rebate" argument that is effectively indistinguishable to their current claim to that effect. *Id.* at *5.

As previously noted, the Court dismissed the plaintiffs' first complaint in its entirety for failure to state a claim. In its response in opposition to the plaintiffs motion for leave to file an amended complaint, Westfield argues that the plaintiffs' proposed amended complaint cannot not survive a motion to dismiss either and therefore the

Court should deny the plaintiffs' motion to amend.

## Discussion

"Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course, but subsequent amendments require the consent of the opposing party or leave of the court." *Delaware Motel Assocs., Inc. v. Cap. Crossing Servicing Co.*, No. 17 C 1715, 2018 WL 4829598, at *3 (N.D. Ill. Oct. 4, 2018) (Kennelly, J.) (citing Fed. R. Civ. P. 15(a)). "The Seventh Circuit has instructed that district courts 'should deny a motion for lave to amend if the proposed amendment is futile, as when, for example, the amended pleading would not survive a motion to dismiss.'" *Id.* (quoting *Weston v. Ill. Dep't of Human Servs.*, 433 F. App'x 480, 482 (7th Cir. 2011)). "And a court may deny such a motion with prejudice and without leave to replead when the moving party has failed to cure the same defects after being given multiple opportunities to do so." *Id.* (citing *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818-19 (7th Cir. 2013)).

On a motion to dismiss for failure to state a claim, the Court takes the plaintiff's factual allegations as true, draws reasonable inferences in the plaintiff's favor, and assesses whether the plaintiff has asserted a plausible basis for relief. *See, e.g., Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In deciding whether the proposed first amended complaint would survive a motion to dismiss, the Court accepts the complaint's well-pleaded allegations as true and draws all reasonable inferences in the plaintiffs' favor. *See Heng v. Heavner, Beyers & Milhar, LLC*, 849 F.3d 348, 351 (7th Cir. 2017).

**A.    Coverage-related claims**

Counts one through three of the proposed complaint concern Westfield's denial

of insurance coverage. In count one, the plaintiffs seek a declaratory judgment that their losses are insured under Westfield's insurance policy. In count two, they allege that Westfield breached the insurance contracts when it denied them coverage for losses and damages incurred as a result of the coronavirus closure orders. In count three, the plaintiffs contend that Westfield should face a statutory penalty under Illinois law for failing to conduct a reasonable investigation into the plaintiffs' insurance claims. *See* 215 Ill. Comp. Stat. 5/154.6, 155.

The Court, in its prior order, dismissed counts one through three of the first complaint—which were identical to counts one through three of the plaintiffs' proposed complaint—with prejudice and without leave to amend, "because amendment would be futile given the terms of the virus exclusion." *M&E Bakery Holdings, LLC*, 2021 WL 1837393, at *5. The Court ruled that the virus exclusion in Westfield's insurance policy unambiguously "excluded loss or damage caused by or *resulting* from any virus." *Id.* at *4 (internal quotations omitted). The plaintiffs nevertheless contend that the coverage-related claims they now assert in the proposed complaint are "directed at facts that supported the premium rebate claims, which were not dismissed with prejudice." Pls.' Reply Br. at 2 (dkt. no. 33).

The plaintiffs' argument lacks merit. The coverage-related claims in the proposed amended complaint involve the same factual contentions underlying the first three counts of the previous complaint. In count one of the proposed amended complaint, the plaintiffs seek a declaratory judgment that Westfield's insurance policy covers their losses. This contention is unavailing. The Court concluded in its previous ruling that the insurance policy's virus exclusion unambiguously bars the plaintiffs'

6

claims for business income that was lost due to coronavirus closure orders. Likewise, the plaintiffs cannot proceed on their breach of contract claim in count two or their bad faith denial of insurance claim in count three because the policy's virus exclusion unambiguously covers the plaintiffs' coronavirus-related claims. See *M&E Bakery Holdings, LLC*, 2021 WL 1837393, at *4-5.

In short, the plaintiffs' coverage-related claims are not viable. They are "functionally equivalent" to the coverage-related claims this Court previously dismissed with prejudice. *Thompson v. Bd. of Educ. of City of Chicago*, 790 F. App'x 811, 815 (7th Cir. 2019), *cert. denied sub nom. Thompson v. Chicago Bd. of Educ.*, 141 S. Ct. 163 (2020). Moreover, dismissal with prejudice "count[s] as judgment on the merits." *Green v. Illinois State Bd. of Educ.*, 849 F. App'x 593, 595 (7th Cir. 2021). The Court concludes that the proposed amendment would be futile with respect to counts one, two, and three of the proposed amended complaint. See *Weston*, 433 F. App'x at 482.

**B.      Alternative class action claims**

Next, the Court addresses counts four, five, and six, of the proposed amended complaint, which are alternative class action claims. In count four, the plaintiffs propose an unjust enrichment claim. Under the Court's prior ruling, this claim cannot proceed.

Under Illinois law, the unjust enrichment doctrine "'has no application' . . . in a case '[w]here there is a specific contract that governs the relationship of the parties.'" *M&E Bakery Holdings, LLC*, 2021 WL 1837393, at *5 (quoting *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 604, 836 N.E.2d 681, 704 (2005)). The Court dismissed the plaintiffs' prior unjust enrichment class action claim because its underlying factual allegations "inescapably concern a contractual dispute—Westfield's denial of insurance

7

coverage and its retention of the premiums paid for the insurance." *M&E Bakery Holdings, LLC*, 2021 WL 1837393, at *5. "Because the [unjust enrichment] claim is premised upon a contractual relationship, it cannot proceed." *Id.* The factual allegations underlying the plaintiffs' new unjust enrichment claim similarly stem from Westfield's denial of coverage based on business income loss. For these reasons, the proposed amendment with respect to count four is futile.

The plaintiffs' ICFA claim in count five similarly lacks merit. The factual allegations underlying the plaintiffs' ICFA claim entirely concern the application of Westfield's insurance policy. Like their prior ICFA claim, the plaintiffs' current ICFA claim "is nothing more than an allegation of breach of contract dressed up in Consumer Fraud Act clothing." *M&E Bakery Holdings, LLC*, 2021 WL 1837393, at *6 (quoting *Philadelphia Indem. Ins. Co. v. Chicago Title Ins. Co.*, 771 F.3d 391, 403 (7th Cir. 2014)).

Turning to the plaintiffs' only newly-asserted cause of action, the plaintiffs assert in count six a claim for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach by illusory coverage. In summary, the plaintiffs contend that Westfield "abused its discretion under the Policies" by "refusing premium rebates, or overcharging premiums upon renewal, or both, and otherwise acting in bad faith (including by retaliatory raising of premiums upon renewal)." Am. Compl. ¶ 161. The plaintiffs further allege that "coverage is illusory" because "Defendant will attribute all business income losses to excluded causes of virus." *Id.* ¶ 164.

The plaintiffs' contentions lack merit. First, as Westfield argues in its response brief, the covenant of good faith and fair dealing does not give rise to an independent

8

cause of action under Illinois law; rather, "the covenant guides the construction of explicit terms in an agreement." *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1443 (7th Cir. 1993) ("A lack of good faith does not by itself create a cause of action . . . ."); Def.'s Resp. Br. at 9 (dkt. no. 31). In addition, the plaintiffs' factual allegations are entirely conclusory. They do not plead any specific facts plausibly showing that Westfield exercised its discretion improperly when "setting, adjusting, charging, increasing, decreasing or rebating premium." Am. Compl. ¶ 157. In any event, the plaintiffs' claim cannot proceed because Westfield made premium pricing decisions "before the parties entered into legally binding contracts, and before any duty of good faith and fair dealing could have arisen under those contracts." *Gore v. Indiana Ins. Co.*, 376 Ill. App. 3d 282, 287, 876 N.E.2d 156, 162 (2007).

Finally, the plaintiffs' argument that insurance coverage under Westfield's policy was "illusory" is unavailing and amounts to an attempt to end-run the Court's ruling that the policy's virus exclusion unambiguously bars the plaintiffs' business income loss claims. The applicability of a clear, unambiguous, and valid coverage exclusion like this one does not render the insurance contract illusory. Under Illinois law, if a policy "provides coverage against some [possible liabilities], the policy is not illusory." *Nicor, Inc. v. Associated Elec. & Gas Ins. Servs. Ltd.*, 362 Ill. App. 3d 745, 754, 841 N.E.2d 78, 86 (2005), *aff'd*, 223 Ill. 2d 407, 860 N.E.2d 280 (2006). The policy "need not provide coverage against all possible liabilities." *Id.* For these reasons, the plaintiffs' alternative class action claim in count six is not viable and the proposed amendment is futile.

## Conclusion

For the foregoing reasons, the Court denies the plaintiffs' motion for leave to file

a first amended complaint [dkt. no. 30]. The Court directs the Clerk to enter judgment dismissing the plaintiffs' claims with prejudice.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 2, 2021